# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4248 | **DATE** | 11/6/2000 |
| **CASE TITLE** | ANCHOR MORTGAGE CORP. vs. CERTIFIED CREDIT REPORTING, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: defendant's Rule 12(b)(6) motion to dismiss is denied. Status hearing set for November 29, 2000 at 9:15a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| TBK | courtroom deputy's initials |
| | Date/time received in central Clerk's Office |

number of notices: 2
date docketed: NOV 2000
docketing deputy initials: UM
date mailed notice: NOV 2000
mailing deputy initials: UM

Document Number: 8

FILED 00 NOV -7

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ANCHOR MORTGAGE CORPORATION, )
)
Plaintiff, )
)
v. )
) No. 00 C 4248
CERTIFIED CREDIT REPORTING, INC., ) Paul E. Plunkett, Senior Judge
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

NOV 08 2000

Defendant Certified Credit Reporting, Inc. ("CCR") has filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss plaintiff's one-count complaint alleging violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILL. COMP. STAT. 505/1 et seq. ("Consumer Fraud Act"). For the reasons set forth below, the motion is denied.

## Facts

Plaintiff is an Illinois corporation that provides mortgage brokering and banking services. (Compl. ¶¶ 1-2.) CCR is a California corporation that provides credit reports on loan applicants to financial institutions. (Id. ¶ 3.)

In 1994, the parties agreed that CCR would provide plaintiff with credit reports via computer. (Id. ¶ 4.) CCR supplied plaintiff with software for this purpose and agreed to charge plaintiff monthly for the service. (Id.) The parties agreed that CCR's charges would vary depending on the level of information plaintiff sought on each loan applicant. (Id.) If plaintiff requested information

on an individual from CCR's database, the charge would be $5.00. (Id.) If plaintiff asked CCR to supply information from the three national credit reporting agencies, the charge would be $15.00. (Id.) If plaintiff asked CCR to supply a complete credit report, the charge would be $41.00. (Id.) If plaintiff asked CCR to supply more than one level of information on any one individual, the cost of the more detailed reports would be reduced by the amount plaintiff had paid for the lower level information. (Id.) In addition, CCR told plaintiff that it would not be charged more than once for any level of inquiry on an any one individual. (Id.) Plaintiff accepted CCR's terms, and began using its services in 1994. (Id. ¶ 5.)

In April or May 1999, plaintiff conducted an audit of CCR invoices it had paid and discovered that CCR had repeatedly (1) charged plaintiff full price for each level of information it requested on one individual and (2) charged plaintiff more than once for one level of inquiry on one individual. (Id. ¶ 7.)

Plaintiff informed CCR about the problem in May 1999, and demanded that CCR conduct an audit of its invoices to plaintiff from 1994 through 1999. (Id. ¶ 8.)

In late 1999, CCR sent plaintiff new software, which reduced, but did not eliminate, the overcharging problem. (Id. ¶ 9.)

In April 2000, CCR provided plaintiff with audit materials for its 1999 invoices, and said it would provide plaintiff with a credit of $3,028.00 for overcharging for the year 1999. (Id. ¶ 10.) Plaintiff's review of CCR's 1999 audit materials revealed that CCR had overcharged it by more than $6500.00 in 1999. (Id. ¶ 11.)

Though CCR knew or should have known that it had overcharged plaintiff for more than five years, it refused to audit its invoices to plaintiff for the years 1994-1998. (Id. ¶¶ 10, 16.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

CCR contends that plaintiff is trying to transform a garden-variety breach of contract into a Consumer Fraud Act claim, a maneuver prohibited by the Illinois courts. To support its argument, CCR relies on cases like Lake County Grading Co. of Libertyville, Inc. v. Advance Mech. Contractors, Inc., 275 Ill. App. 3d 452, 654 N.E.2d. 1109 (2d Dist. 1995), which states: "in a case [that] appears on its face to involve only a breach of contract, the relevant inquiry is 'whether the alleged conduct . . . implicates consumer protection concerns.'" Id., 175 Ill. App. 3d at 459, 654 N.E.2d at 1116 (quoting Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc., 190 Ill. App. 3d 524, 534, 546 N.E.2d 33, 41 (2d Dist. 1989)). Plaintiff has not alleged that CCR's conduct implicates consumer protection concerns. Therefore, CCR concludes, its complaint must be dismissed.

As an initial matter, it is not clear that the consumer protection nexus described by the Lake County court is required in all Consumer Fraud Act cases involving a breach of contract. Though the Illinois Supreme Court has yet to address the issue, the state appellate court decisions suggest that a nexus to consumer protection is required only if the plaintiff is not a "consumer" as defined

by the Act. See, e.g., Empire Home Servs., Inc. v. Carpet Am., Inc., 274 Ill. App. 3d 666, 669, 653 N.E.2d 852, 854 (1st Dist. 1995) ("When a dispute under the Consumer Fraud Act involves businesses who are not consumers of each other's products, the issue is whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns."); In re Albergo, 275 Ill. App.3d 439, 449, 656 N.E.2d 97, 105 (2d Dist. 1995) ("Where the alleged deception involves two businesses which are not consumers, a deceptive act or practice is actionable under the Consumer Fraud Act if the alleged deception involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns."); Zinser v. Rose, 245 Ill. App. 3d 881, 886, 614 N.E.2d 1259, 1263 (3rd Dist. 1993) ("[W]here the dispute involves two businesses who are not consumers, the test for standing is whether the alleged conduct involves trade practices addressed to the market generally or otherwise implicates consumer protection concerns.") (internal quotation marks and citation omitted); see also Microsoft Corp. v. Logical Choice Computers, Inc., No. 99 C 1300, 2000 WL 1038143, at *7 (N.D. Ill. July 24, 2000) ("LCC cannot state a claim under the Act as a non-consumer unless it alleges that Acecom's and Software & More's conduct affected other consumers or otherwise implicated consumer protection concerns."); Peter v. Stone Park Enter., L.L.C., No. 98 C 1160, 1999 WL 5453210, at *6 (N.D. Ill. July 23, 1999) ("To have standing to sue as a non-consumer, defendant must meet the consumer nexus test by alleging that the conduct involves trade practices directed to the market generally or otherwise relates to consumer protection issues.") (internal quotation marks and citation omitted); Stickle Enter., Ltd. v. CPC Int'l, Inc., No. 96 C 3123, 1997 WL 767301, at *4 (N.D. Ill. Dec. 3, 1997) ("When the parties to a suit are non-consumer business entities, the test for standing is whether the alleged conduct invokes trade practices addressed to the market generally or otherwise implicates

consumer protection concerns.") (internal quotation marks and citation omitted). In fact, though the Lake County court did not say that the consumer protection nexus is required only of non-consumer plaintiffs, it cited to Downers Grove and Empire Home Services in that portion of its discussion, both of which say just that. 275 Ill. App. 3d at 459, 654 N.E.2d at 1116. Plaintiff has alleged that it purchased CCR's credit reporting services for its own use, (Compl. ¶¶ 2-5, 14), allegations that make it a "consumer" within the meaning of the Consumer Fraud Act. See 815 ILL. COMP. STAT. 505/1(e) (defining consumer as "any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household"); 815 ILL. COMP. STAT. 505/1(c) (defining person as "any natural person or his legal representative, partnership, corporation (domestic or foreign), company, trust, business entity or association, . . . ."); 815 ILL. COMP. STAT. 505/1(b) (defining merchandise as "any objects, wares, goods, commodities, intangibles, real estate situated outside the State of Illinois, or services."). Thus, it is not clear that the consumer protection nexus requirement even applies to plaintiff.[1]

There is an even more fundamental problem with CCR's argument, however. The consumer protection nexus only comes into play in cases that appear to be routine breach of contract actions. Lake County, 175 Ill. App. 3d at 459, 654 N.E.2d at 1116; see Exchange Nat'l Bank v. Farm Bureau

---

[1] CCR also contends that the Seventh Circuit's decision in Athey Prods. Corp. v. Harris Bank of Roselle, 89 F.3d 430 (7th Cir. 1996) requires plaintiff to allege a consumer protection nexus. We disagree for two reasons. First, the Athey court's statement that "[the state appellate] courts and federal district courts in Illinois have uniformly held that claims under the Act must meet the consumer nexus test," id. at 436-37, is far too broad. In fact, as we noted above, many state and federal courts have decided that the consumer nexus requirement applies only to plaintiffs that are not consumers. Second, all of the cases on which the Athey court relied to support that sweeping statement involved business-plaintiffs that were not consumers. Thus, we do not believe, as CCR asserts, that Athey requires *all* Consumer Fraud Act claims to meet the consumer nexus test.

Life Ins. Co. of Mich., 108 Ill. App. 3d 212, 215, 438 N.E.2d 1247, 1250 (3rd Dist. 1982) (noting that the Act "does not apply to every situation where, . . . , the only actual controversy is whether an isolated breach of contract occurred.") This is not one of those cases. Plaintiff does not allege a routine or isolated breach of contract. Rather, it alleges that CCR misrepresented its billing rates to plaintiff and deliberately overcharged it for credit information for more than five years. Those allegations are sufficient to state a claim under the Consumer Fraud Act. See In re Albergo, 275 Ill. App. 3d at 449, 656 N.E.2d at 105 (stating that the Consumer Fraud Act requires plaintiff to allege "(1) a deceptive act or practice; (2) an intent by defendants that the plaintiff rel[y] on the deception; and (3) that the deception occurred in the course of conduct involving a trade or commerce.").

## Conclusion

For the reasons set forth above, defendant's Rule 12(b)(6) motion to dismiss is denied.

**ENTER:**

*[signature]*

**UNITED STATES DISTRICT JUDGE**

**DATED:** 11-6-00